27 C.C.P.A.(Patents)

## In re MAYBACH.

### Patent Appeal No. 4188.

Court of Customs and Patent Appeals.
Dec. 4, 1939.

Edmund H. Parry, Jr., of Washington, D. C., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the examiner rejecting, for want of patentability over the prior art, claims, 7, 8, 9 and 18, of appellant's application. Apparently no claims have been allowed.

Claim 7 is illustrative of the subject matter involved and reads as follows: "7. In a high speed internal combustion engine, cylinder groups each comprising three cylinders which have non-overlapping suction periods, a plurality of coacting fuel carbureting devices for each of said cylinder groups, and control means for the coacting carbureting devices of a cylinder group operative to cause one of said devices to begin to open when another of said devices reaches partially open position, the carbureting devices constituting each set connecting with cylinders of only a single group so that each carbureting device supplies fuel to one cylinder at a time."

The references cited by the board are as follows: Delaunay-Belleville, 1,051,866, February 4, 1913; Duryea, 907,757, December 29, 1908; Lobdell, 1,152,031, August 31, 1915; Maire, 1,368,178, February 8, 1921; Bayerische (British), 157,359, May 10, 1922.

Appellant's application relates primarily to carbureter arrangements for rapidly running internal combustion engines; all of the claims are combination claims and, as will be noted from quoted claim 7, embrace any number of groups of three cylinders which have nonoverlapping suction periods, a plurality of coacting carbureter devices for each group, and control means for opening or closing such carbureter devices progressively.

The principal reference is Delaunay-Belleville, which discloses a six-cylinder engine divided into two groups of three cylinders each having non-overlapping suction periods, ·and provided with separate intake manifolds. Only two carbureters are employed, each connecting with a manifold of one cylinder group.

The other references were cited merely to show that multiple jet carbureters with a throttle for each jet or air passage were known in the prior art.

The examiner held that the reference Delaunay-Belleville shows the combination to be old; that any carbureter, whether single or multiple, could be used upon Delaunay-Belleville without invention, and. that appellant's specific carbureter claimed with the particular manifolding is aggregative. He further held that the specific carbureter disclosed by appellant may be patentable over the prior art, but

that this fact cannot lend patentability to the combination claimed.

Upon appeal the board in its decision stated:

"In respect to the feature of combining cylinders of multiple cylinders 4 cycle engines into groups of three, it is apparent and is fully discussed by Delaunay-Belleville that the reason for this is so that the intake stroke of two or more cylinders will not overlap. By having only three cylinders in the group, the sum of the intake strokes as measured in degrees of revolution of the crank-shaft is much less than the total degrees of revolution represented in a complete cycle of revolution of all three cylinders through two cycles.

"In each of Delaunay-Belleville's groups of three cylinders, the timing of the intake is such as to be equally divided so as not to overlap and for the same purpose as in applicant's case.

"It appears clear from the record including the supplemental citations of record noted by the examiner, that multiple jet carburetors with a throttle for each jet or air passage are well known.

"It appears, therefore that both features are well known in the art and the only question presented is whether invention is involved in associating them, that is, in substituting a multiple jet carburetor in place of each of Delaunay-Belleville's carburetors A-B.

"After careful consideration of the record, we find no reason for differing from the conclusions reached by the examiner. We are convinced that the result secured by applicant is only the mere sum of the two results of these two features as used in other relations."

A motion by appellant for reconsideration was denied by the board.

We are not convinced that the Patent Office tribunals erred in rejecting the involved claims.

Appellant admits that the special cylinder and manifolding arrangement embraced in his claims is old, and that multiple jet carbureters are old, but claims that the combination of such elements was not obvious to one skilled in the art. In his brief counsel for appellant states: "As suggested by the Patent Office appellant secured his results by combining features which, at least basically, were old in the art in other associations, but it is submitted that such combination was by no means obvious.

\*   \*   \*   \*   \*   \*

"Thus the two features of applicant's invention were independently known to the art for twenty-two years before appellant's application. Engines having a multiple of six cylinders have been known even longer. During all of such time no one had appreciated that the plural jet carburetor and the divided cylinder arrangement had any utility in connection with each other for any purpose, and more specifically, that if used together in a multi-cylinder engine they would supplement the deficiencies of each other and provide an improved charge for the engine cylinders not obtainable by using the separate features in other associations."

■ We agree with the Patent Office tribunals that it would not involve invention to substitute for the single carbureter, for each group of cylinders disclosed by Delaunay-Belleville, multiple carbureters which were old in the art. We think appellant's contribution to the art was in his improved plural jet carbureters, considering the control means as a part thereof, and not in using such carbureters in a high-speed internal combustion engine having groups of three cylinders. If there was here involved a claim for such carbureters per se, a very different question would be presented, upon which we express no opinion.

■ That carbureters are used in connection with internal combustion engines is a matter of common knowledge. They are a distinct part of the mechanism by which such engines may function. That multiple jet carbureters are old is shown by the record.

Because such an engine could not function without the cooperation of the carbureter, it does not follow that every improved carbureter and controlling means in connection therewith which might be patentable per se may be claimed in combination with the cylinders of the engine.

An automobile runs on wheels, without which it can not move, but if one invents a new wheel for automobiles he may not have a patent for a combination of wheels, axles, and chassis, for such combination is old. For his protection the inventor must seek a patent for his novel wheel.

So here carbureters are old, and if appellant has invented a new carbureter

arrangement adapted to a particular kind of high-speed internal combustion engine, he should seek protection by applying for a patent upon such carbureter, and not for a combination of the carbureter with the cylinders of the engine.

It is well established that the mere fact that some elements of a claimed combination are novel and possibly patentable as individual elements does not render the combination containing them patentable in the absence of novel cooperative relation in the combination itself. In re Germantown Trust Co., etc., 57 F.2d 365, 19 C. C.P.A., Patents, 1140.

We conclude that it would be obvious to one skilled in the art to substitute for the single carbureters disclosed by Delaunay-Belleville the multiple jet carbureters disclosed by appellant, and that therefore the combination of such carbureters with the group cylinder disclosure of Delaunay-Belleville would not involve invention.

For the reasons herein stated, the decision of the board is affirmed.

Affirmed.